UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID RAUS, YESSICA NAVARRO,
MOYA FERENCHAK, KATIE BINDER,
and RACHEL LEWIS, on behalf of themselves       Case No.:1:21-cv-10431-VSB
and all others similarly situated,

                              Plaintiffs,

   - Against -

ELEMENTS PRODUCTION, LLC, a New York
Limited Liability Company, BangOn!NYC,
TESTED CONTAINED RETREATS,
LLC, a Delaware Limited Liability Company, and
DOES 1 through 50, inclusive,

                              Defendants.
-------------------------------------------------------------------X

## STIPULATED PROTECTIVE ORDER

During the course of the above-captioned lawsuit ("Lawsuit"), the parties or non-parties may be required to produce confidential records and information containing trade secrets or other confidential research, development, or commercial information. The parties also may be required to produce documents and information that contain personal identifiers that should not become part of the public record; the redaction of those identifiers may, however, hamper rather than facilitate discovery. The parties agree that such confidential records must be protected from further disclosure. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule"), the Court finds good cause for entry of this Stipulated Protective Order ("Protective Order") to provide such protection. To expedite the flow of discovery material, facilitate prompt resolution of disputes over confidentiality and adequately protect material entitled to be kept confidential, it is, by agreement of the parties, STIPULATED and ORDERED that:

1. This Protective Order shall apply to all documents, electronically stored information ("ESI") materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, that are designated as "Confidential" by the producing party under the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Rule 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Whenever any party or third party in this case (the "Producing Person") is called upon to produce or make available to any other party (the "Receiving Party") information or material whether oral, written, or demonstrative, including any documents, interrogatory answers, admissions, things, deposition testimony or other information, the Producing Person or any party may designate that information, whether in the form of documents, interrogatory answers, admissions, things, deposition transcripts, or otherwise, as "Confidential."  All tangible items designated "Confidential" shall be conspicuously stamped or written upon each page or separate item by the Producing Person as "Confidential." ESI may be designated by either conspicuous stamping on the medium holding the information (e.g., the CD), or by express written notice to the Receiving Party sufficiently detailed to identify the particular electronic files that are being designated as Confidential.

4. Any party may designate information as "Confidential" upon a reasonable and good faith determination that such information is confidential and concerns trade secrets, proprietary information, sensitive third-party information, medical records, or other business, personal or financial information that is not publicly available, or is otherwise protected from

disclosure by statute, common law or by Rule 26(c)(1)(G). "Confidential" information shall not be used or disclosed for any purpose except the preparation and trial of this case.

5. Confidential documents, ESI materials, and/or information (collectively, "Confidential Information") shall not, without consent of the Producing Person or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(A) Attorneys actively working on this case;

(B) Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of trial, at trial, or at other proceedings in this case;

(C) The parties and representatives of the corporate parties;

(D) Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(E) The Court and its employees ("Court Personnel");

(F) Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(G) auditors, accountants and insurers of any of the parties who have been advised of their obligation with respect to the Confidential Information provided to them hereunder, provided that the respective party directs each of its auditors, accountants and insurers to whom Confidential Information is provided to maintain such Confidential Information as confidential subject to all terms of this Protective Order;

(H) Deponents, witnesses, or potential witnesses; and

    (I)  Other persons by written agreement of the parties.

  6.  Prior to disclosing any Confidential Information to any person listed above (other than those identified below), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form appended hereto as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. Counsel need not obtain a written acknowledgement prior to showing Confidential Information to persons falling in the following categories:

    a. Counsel;

    b. Persons employed by, contracted with, or assisting counsel, including consulting experts, copy services, vendors assisting with transmission or electronic storage of documents, or others;

    c. auditors, accountants and insurers of any of the parties who have been advised of their obligation with respect to the Confidential Information;

    d. Court Personnel and stenographic reporters;

    e. Jurors;

    f. Parties in the case, including those who have defaulted, and contractors, employees, or agents of any of them; and

    g. Persons who had or have access to the Confidential Information in question through means independent of their production in this lawsuit.

 If counsel wishes to show Confidential Information to a person other than those identified above, and that person refuses to timely sign the written acknowledgement, then all parties agree

that the deposition of that party may be taken without counting against the total depositions allowed under the Civil Rules. At this deposition, the Confidential Information may be used under the procedures set forth in this protective order.

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential Information and shall be subject to the provisions of this Protective Order.  Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within (30) days after notice by the court reporter of the completion of the transcript.

8. Any Confidential Information (or extract or summary prepared from such information) to be filed with the Court as part of a motion, brief, memoranda, exhibit, or any other writing shall be filed under seal.

9. In the event that any Confidential Information is to be used at any hearing or trial relating to this case, the party proposing to use it must notify the party who produced it at least twenty (20) business days before the date of the hearing or trial and the parties are directed to work together to determine measures reasonably calculated to protect its confidentiality during such use and to propose those measures to the Court for approval no later than ten (10) business days before the hearing or trial.  In the event that the parties are unable to reach agreement on such measures, each party shall submit a proposal to the Court no later than ten (10) business days before the hearing or trial. In any event, the Confidential Information shall not lose its status as Confidential through such use.

4872-4565-0212.2

10. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

4872-4565-0212.2

Dated this July 27, 2022

                                          Entered:

                                          */s/ Vernon Broderick*
                                          Honorable Vernon Broderick

STIPULATED TO AND APPROVED BY:

/s/ Eric Weissman
ROPERS MAJESKI P.C.
Eric C. Weissman
Alexander Fermoso, Jr.
750 Third Ave. 25th Floor
New York, NY 10017
(212) 668-5927

*Attorneys for Defendants*

/s/ Ben Meiselas
GERAGOS & GERAGOS, APC
Ben Meiselas
256 5th Avenue
New York, New York 10001
(213) 625-3900

*Attorneys for Plaintiffs*

/s/ Connor Karen
KIRTLAND & PACKARD LLP
Michael L. Kelly
Connor M. Karen
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
(310) 536-1000

*Attorneys for Plaintiffs*

# EXHIBIT A

# AFFIDAVIT

STATE OF NEW YORK            )
                             )  ss:
COUNTY OF _____  )

_____, being first duly sworn, states that:

1. I have read the Protective Order in *David Raus, et. al. v. Elements Productions, LLC, et. al.* (Case No. 21-cv-10431), a copy of which is attached to this Affidavit, and I agree to be bound by its terms.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are "Confidential" information as defined in the Protective Order.

3. I have not and will not disclose any information designated or marked as "Confidential" to any other person, firm or concern, and will not use any such information for any purpose other than the above-captioned action.

4. I hereby submit to the jurisdiction of the United States District Court, Southern District of New York, for the resolution of any dispute regarding the Protective Order or any violations of its provisions.

_____
SIGNATURE

_____
NAME (Print)

_____
_____
_____
ADDRESS AND PHONE NUMBER

SUBSCRIBED AND SWORN to before me this \_\_\_\_ day of _____, 202\_\_, by _____.

WITNESS my hand and official seal.

_____
Notary Public

My Commission Expires:_____

4872-4565-0212.2