**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/15/2023
```

David Raus et al.,

                                    Plaintiffs,

            -against-

Elements Production, LLC et al.,

                                    Defendants.

1:21-cv-10431 (SDA)

## FINAL ORDER AND JUDGMENT

WHEREAS, in or about May 2023, the Parties entered into a Stipulation of Class Action Settlement (Settl. Stip., ECF No. 108-4); and

WHEREAS, on May 31, 2023, Plaintiffs filed a motion for preliminary approval of the class settlement (Mot. for Prelim. Approval, ECF No. 108), which Defendants did not oppose; and

WHEREAS, on June 6, 2023, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), notices were sent informing the appropriate state and federal Attorneys General about the Settlement (Garcia Decl., ECF No. 119, ¶ 3); and

WHEREAS, on July 5, 2023, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class set forth therein; provisionally certifying the Settlement Class; designating the Named Plaintiffs as Class Representatives; designating the law firms of Kirtland & Packard LLP ("Kirtland & Packard") and Geragos & Geragos, APC ("Geragos & Geragos") as Class Counsel; appointing CPT Group, Inc. ("CPT Group") as Settlement Administrator; and authorizing notice to all Class Members (7/5/23 Order, ECF No. 112); and

WHEREAS, on September 1, 2023, Plaintiffs filed an unopposed motion for attorneys' fees, costs and service awards (Pls.' 9/1/23 Mot., ECF No. 113); and

WHEREAS, on November 2, 2023, Plaintiffs filed a motion for final approval of the class action settlement (Motion for Final Approval, ECF No. 116), which Defendants did not oppose; and

WHEREAS, the Court held a fairness hearing on November 15, 2023 (the "Fairness Hearing"), and no objections were lodged to the settlement, the service award or the attorneys' fees and expenses.

NOW, THEREFORE, having considered the motion for final approval; the motion for attorneys' fees, costs and service awards; the arguments presented at the Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing, and for good cause shown, it is hereby **ORDERED, ADJUDGED AND DECREED**, as follows:

1.     For purposes of this Final Order and Judgment ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Stipulation (ECF No. 108-4) filed in this case.

2.     The Court has jurisdiction over the subject matter of the litigation, Plaintiffs, the Class Members and the Defendants (collectively the "Settling Parties").

3.     For purposes of approving this Settlement only, this Court finds as to the Class that:

    a.     the Class is so numerous that joinder of all members is impracticable;

    b.     there are questions of law and fact common to the Class;

    c.     the claims of Plaintiffs are typical of the claims of the Class;

    d.     Plaintiffs will fairly and adequately protect the interests of the Class;

    e.     questions of law and fact common to class members predominate over any questions affecting only individual Class Members; and

    f.     a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of the following Class:

> "All persons who purchased tickets to and/or attended the Elements Festival."[1]

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Named Plaintiffs are certified as the Class representatives; the law firms of Kirtland & Packard and Geragos & Geragos are certified as Class Counsel; and confirms CPT Group, Inc. as the Claims Administrator.

6.      The Parties have complied fully with the notice provisions of CAFA.

7.      Based on evidence and other material submitted in conjunction with the Fairness Hearing, the Court hereby finds and concludes that the notice program outlined in the Settlement Stipulation, the Settlement website, the opt-out and claims submission procedures set forth in the Settlement Stipulation, and all other aspects of the notice program (including the Claim Form, the Long Form Notice and Short Form Notice (ECF Nos. 116-5, 116-6, 116-7, 116-10, 116-11, 116-12 and 116-13) fully complied with this Court's Preliminary Approval Order, fully satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Class.

8.      The Court finds that the Settlement Agreement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated

---

[1] Excluded from the Class are: (a) the Defendants and Backbone; (b) employees, members, directors, officers or Defendants and Backbone and their affiliated entities; (c) any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest; (d) the legal representatives, agents, heirs, successors-in-interest or assigns of any such excluded party (e) the Judge and the Judge's immediate family.

the merits of Plaintiffs' claims through factual and legal investigation. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

9.      The Court also finds that the Settlement is substantively fair. The factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. Specifically, the Court finds that the settlement is adequate given, among other factors: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; and (6) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See Grinnell*, 495 F.2d at 463. Thus, the Court finds and concludes that the Settlement is fair, reasonable and adequate, and should be approved.

10.     The Court hereby approves the Settlement (as set forth in the Settlement Stipulation), the releases of the Released Claims, the releases of the Released Third-Party Claims, and all other terms in the Settlement Stipulation, as fair, just, reasonable and adequate as to the settling parties.

11.     This action is dismissed with prejudice. The settling parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Stipulation and in this Judgment.

12.     The Court hereby GRANTS Class Counsel's motion for an award of attorneys' fees in an amount of $29,999.85. In light of the risks, delays, and costs inherent in proceeding through litigation, trial and appeal, such an award of attorneys' fees is reasonable. The Court further

authorizes the recovery of litigation and settlement administration costs in an amount of $30,268.75, and service awards of $1,000.00 to each of the five Named Plaintiffs from the Settlement Fund. The remainder of the Settlement Fund shall be distributed to Class Members who submitted a timely claim proportionally based on the amounts expended toward admission and parking at the festival as contemplated by the Settlement Stipulation. CPT Group shall forthwith distribute the Settlement Fund in the manner contemplated above.

13.     The Court retains jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) enforcing and administering this Order and Judgment; (c) enforcing and administering the Settlement Stipulation; and (d) other matters related or ancillary to the foregoing.

14.     The Clerk of Court respectfully is requested to enter Judgment and close this case.

**SO ORDERED.**

Dated:     New York, New York
           November 15, 2023

_____
STEWART D. AARON
United States Magistrate Judge